14CV3790

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -
JEREMY ZIELINSKI, et al.,
        Petitioners,

v.

CATHERINE C. LINAWEAVER, et al.,
        Respondents.
- - - - - - - - - - - - - - - - -

MAY 21 2014

PRO SE OFFICE

DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Case No. _____

I, JEREMY ZIELINSKI, hereby declare under penalty of perjury:

1. I am one of the petitioners in this proceeding and an inmate at MCC.

2. I make this declaration in support of the instant motion for a preliminary injunction.

3. The Petition in this proceeding alleges that staff at MCC have failed to timely process papers for referring inmates to CCF's or take steps to provide alternative pre-release conditions at MCC, thus depriving petitioners and other inmates at MCC of their rights under 18 U.S.C. § 3624(c)(1) to be provided conditions of confinement which afford a reasonable opportunity to adjust to and prepare for reentry.

4. In addition to the facts alleged in the verified petition, I can attest personally that over the past several months at MCC, I have observed MCC staff consistently fail to timely evaluate and refer inmates for CCF placement both with and without excuses. In one particularly-preposterous instance, an inmate was told he was ineligible for CCF placement because "Brooklyn House" did not accept "narcotics cases."

5. Unless this Court intervenes and issues the requested injunction, petitioners and the public will continue to suffer irreparable injury for which no remedy at law will be adequate. That is, they will be released after serving long terms of imprisonment without any pre-release opportunity to seek

1

and secure employment, strengthen family and community ties, accrue release funds, or secure a residence.

6. The balance of hardships is, in essence, entirely in petitioners' favor because the requested injunction asks for no more than that the respondents perform the duties they are required by law to perform, and that they investigate the causes of and interim solutions to remedy their past and ongoing failures to perform those duties.

7. Counsel is requested to be appointed in this case because there is a large number of inmates who are affected by MCC's and the BOP's practices and failures beyond those participating in this proceeding, and there will continue to be a constant flux of new affected inmates. Because this proceeding challenges systemic failures and policies rather than just failures particular to the named petitioners, there are common questions of law and fact that affect the inmates who are and will be at MCC, and the claims of the petitioners are typical of those that would be raised by similarly-situated inmates. Because there are so many inmates, it is not practicable for them all to bring petitions themselves or be joined in one case. Even assuming they all had the necessary skill, which they do not, it would not be economical for this Court or for the respondents and would create a risk of varying or conflicting adjudications where clarity and consistency are required. Declaratory and injunctive relief would be appropriate for the class as a whole, and that is all this proceeding seeks. Thus, this case is most appropriately resolved as a class action. However, because pro se prisoners cannot adequately protect the interests of a class, counsel would need to be appointed to move for class certification and represent the class of affected inmates thereafter. Further, counsel will be necessary to fully develop the factual record in this proceeding.

Respectfully submitted,

Date: 5/19/2014

*signature*

JEREMY ZIELINSKI
Lead Petitioner, Pro Se
Register No. 25835-018
Metropolitan Corr. Center
150 Park Row
New York, NY 10007

3