**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------X

JEREMY ZIELINSKI, *et al.*,

Petitioners,

14-CV-3798 (VSB)

CATHERINE C. LINAWEAVER, Warden, *et al*,

Respondents.

-------------------------------X

**PETITIONER'S REPLY AND MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**

**Date** 4/16/15
**Docket and File**

Kevin Nathaniel Fox
HON. KEVIN NATHANIEL FOX
United States Magistrate Judge
Southern District of New York

JEREMY ZIELINSKI
Petitioner, *Pro Se*
P.O. Box 308
Watervliet, NY 12189
(518) 410-0311
jdzielny@gmail.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................... ii

PRELIMINARY STATEMENT ..................... 1

ARGUMENT ..................... 2

I. Exhaustion is not required ..................... 2

II. Petitioner concedes that the BOP Director should not be named as a respondent ..................... 3

III. The Petition should not be dismissed as moot or unripe ..................... 3

IV. Respondents' argument that inmates have no "right" to a CCF placement entirely misses the point – that the "CCF or nothing" approach is unlawful ..................... 4

V. The requested relief is appropriate in a habeas proceeding ..................... 5

Conclusion ..................... 6

## TABLE OF AUTHORITIES

**Statutes**

*18 U.S.C. § 3624(c)* ........................................ *passim*

**Cases**

*Beharry v. Ashcroft,* 329 F.3d 51, 62 (2nd Cir. 2003) ........................................ 2

*Cameron v. LeFevre,* 887 F.Supp.2d 425, 434 (E.D.N.Y. 1995) ........................................ 6

*Fournier v. Zickefoose,* 620 F.Supp.2d 313, 317 (D.Conn. 2009) ........................................ 2

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189 (2000) ........................................ 4

*Levine v. Apker,* 455 F.3d 71, 78 (2nd Cir. 2006) ........................................ 6

*Pimentel v. Gonzales,* 367 F.Supp.2d 365, 371 (E.D.N.Y.2005) ........................................ 2

*Ramirez v. I.N.S.,* 86 F.Supp.2d 301, 302-03 (S.D.N.Y. 2000) ........................................ 3

*Sorbello v. Laird,* No. 06-cv-948, 2007 U.S. Dist. LEXIS 13624 n.8 (E.D.N.Y. Feb. 28, 2007) ........................................ 2

*Spencer v. Kemna,* 523 U.S. 1, 7 (1998) ........................................ 3

*United States v. DiCristina,* 726 F.3d 92, 96 (2d Cir. 2013) ........................................ 5

Petitioner JEREMY ZIELINSKI, Pro Se, respectfully submits this reply and memorandum of law in support of his petition for a writ of habeas corpus.

## PRELIMINARY STATEMENT

This petition seeks nothing more than to compel the Bureau of Prisons ("BOP") and Metropolitan Correctional Center – New York ("MCC") to comply with the statutory mandate of *18 U.S.C. § 3624(c)* to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." This it fails to do, because although *3624(c)* provides that "[s]uch conditions *may* include a community correctional facility" ("CCF")(emphasis added), MCC does not consider or provide any pre-release conditions *other* than a CCF; if a CCF is not available, MCC inmates are dumped onto the street without ever having had the benefit of pre-release conditions at all. In short, MCC has a "CCF or nothing" policy, in clear contravention of the statute's plain language.

In response, the respondents argue that petitioners did not exhaust administrative remedies, even though exhaustion is not required in habeas petitions. *Answer*, at 10. They argue that the BOP director is not a proper party, even though MCC's "CCF or nothing" approach is compliant with BOP policy (or lack thereof). *Id.*, at 12. They argue that the claims here are moot, despite the lack of sufficient time to make a decision and the fact that the alleged violations are still occurring with other inmates and are not likely to abate any time soon. *Id.*, at 13. They argue that inmates "have no right to an RRC placement," that the Court has no authority to review RRC placements, and that even if it does have authority over this dispute, it

has no authority to order effective relief; despite the fact that the Petition has never argued there is a right to RRC placement. *Id.*, at 15, 17.

In short, the respondents have made a series of arguments which ignore and serve only to deflect from the central issue—whether the BOP's current "CCF or nothing" approach violates *18 U.S.C. § 3624(c)*.

## ARGUMENT

### I. Exhaustion is not required

The respondents argue that the petition should be dismissed because the petitioners did not exhaust administrative remedies, citing *Carmona v. Fed. Bur. Of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001). *Answer* at 10-12. However, the requirement of exhaustion regarding § 2241 petitions is "prudential, not statutory." *Pimentel v. Gonzales*, 367 F.Supp.2d 365, 371 (E.D.N.Y.2005). Additionally, the Second Circuit has more recently than *Carmona* made clear that "[e]xhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2nd Cir. 2003)(quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)). As an initial matter, the courts have consistently held that the administrative process, which takes six to nine months, "provide[s] no genuine opportunity for adequate relief" when a release date is imminent. *Sorbello v. Laird,* No. 06-cv-948, 2007 U.S. Dist. LEXIS 13624 n.8 (E.D.N.Y. Feb. 28, 2007); *Fournier v. Zickefoose*, 620 F.Supp.2d 313, 317 (D.Conn. 2009). Additionally, as the petition set forth, the respondents had not *refused* to process paperwork, but had said that there was not enough time. *Petition,* ¶ 14. And in Zielinski's case, the reason for his RRC denial was a lack of

bed space. Whatever capabilities the BOP might assert the administrative remedy program has, if relief depends on creating time and space, the process would obviously be "futile."

Further, the respondents argue that "Petitioners are not challenging a categorical interpretation of a BOP policy such that exhaustion would be futile." *Answer,* at 11. But a categorical interpretation is *exactly* what this petition challenges—the categorical misinterpretation of *18 U.S.C. § 3624(c)* and the complete failure to establish any possibility of pre-release conditions other than transfer to an RRC.

## II. Petitioner concedes that the BOP Director should not be named as a respondent

The respondents argue BOP Director Samuels is not a proper party because the violations occurred at MCC and the MCC Warden (now Maureen Baird) has "day-to-day control" over the petitioners. *Answer,* at 12. Under *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004), the respondents appear to be correct.

## III. The Petition should not be dismissed as moot or unripe

The respondents argue that the Petition should be dismissed as to Zielinski because he has been released and has no further supervised release, and dismissed as to Babenzien and Perry because they were being or had been transferred to a CCF. *Answer*, at 13.

The petitioners satisfy the "in custody" requirement of § 2241 because they were in custody at the time the petition was filed. See *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (explaining that petitioner must only be in custody at the time the petition was filed to satisfy the "in custody" requirement of *28 U.S.C. § 2254*); *Ramirez v. I.N.S.*, 86 F.Supp.2d 301, 302-03 (S.D.N.Y. 2000) (all federal habeas statutes, including *§ 2241*, contain the same "in custody" requirement). A prisoner's habeas petition is not moot where (1) the challenged conduct is

capable of repetition yet evading review, or (2) the respondent voluntarily ceased the allegedly wrongful conduct for the purpose of avoiding judicial review. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). There is good reason to believe that the respondents "voluntarily ceased the allegedly unlawful conduct for the purpose of avoiding judicial review" because it was only *after* this petition was filed that MCC reviewed the petitioners' cases despite months of inaction and, at least with respect to Babenzien and Perry, transferred them to a CCF.

Additionally, the petition seeks class action status and appointment of counsel for that purpose. *Declaration of JEREMY ZIELINSKI*, Dkt. No. 4, ¶ 7. As the central claim in this proceeding is that MCC is refusing to consider *any* inmate for non-CCF pre-release conditions by its "CCF or nothing" approach, it would be inappropriate to dismiss the petition simply because a claim with respect to any particular inmate (or former inmate) is moot. At the very least, because the relief requested is not specific to any particular inmate, but rather seeks systemic relief, the Court should permit the substitution of an appropriate class representative if it determines that the petition should be dismissed as to any of the named petitioners.

## IV. Respondents' argument that inmates have no "right" to a CCF placement entirely misses the point – that the "CCF or nothing" approach is unlawful

The respondents spend several pages arguing that the BOP is vested with sole authority and discretion to determine the appropriate length of a CCF placement, and that the Courts cannot interfere with that discretion. *Answer,* at 15-20. Be that as it may, that is not what this petition challenges. As the respondents point out, "The Court, therefore, can only review the Bureau's *policies* regarding the placement of inmates . . . to determine if they are contrary to the Bureau's statutory authority under sections 3621 and 3624, not the decision itself." *Id.* at 20

(quoting *Fox v. Lappin*, 409 F.Supp.2d 79, 89 (D. Mass. 2006)(emphasis added, ellipsis in original). That is precisely what this petition challenges: the BOP's *policy* of denying any form of pre-release conditions to inmates who, for whatever reason, the BOP decides should not be transferred to a CCF.

The respondents misrepresent the text of the statute when they assert that "the only mandatory duty imposed by [*18 U.S.C. § 3624(c)*] is that the Bureau 'shall' consider a placement" in a CCF. *Answer,* at 16. That is simply not what it says. *18 U.S.C. § 3624(c)* does not say that the BOP *must consider* an inmate for placement in an RRC, or consider any other specific thing. What it says is that it must *ensure* that a prisoner in the final months of his or her sentence *receives* pre-release conditions *regardless of pre-release location*, and that *one way* the BOP can satisfy that obligation is by placement in a CCF. It simply does not say that if the BOP considers placing an inmate in a CCF, it has satisfied its obligation; or that if no CCF is available, the BOP can give an inmate nothing, which is exactly what they are doing. The text of the statute is plain, and the BOP's resulting obligation is clear. When interpreting a statute, a court "must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *United States v. DiCristina*, 726 F.3d 92, 96 (2d Cir. 2013) (quoting *United States v. Kozeny*, 543 F.3d 166, 171 (2d Cir. 2008)). "Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Id.* (internal quotation marks omitted).

**V. <u>The requested relief is appropriate in a habeas proceeding</u>**

Finally, the respondents argue that petitioners' requests for systemic injunctive relief are "not a cognizable form of relief in a *habeas* petition." *Answer,* at 21. It again argues that decisions of whether to place inmates in CCFs are committed to the discretion of the BOP. *Id.,*

at 22. Again, this misses the point. Petitioners are not challenging a denial of CCF placement, but the categorical refusal of the BOP to provide *any* pre-release conditions to inmates who are not in CCFs, despite the statutory mandate to provide such conditions when "practicable." *18 U.S.C. § 3624(c)*. Said another way, the petitioners challenge their continued confinement in a facility which has no pre-release conditions, but do not seek a compulsory transfer to a CCF. This "challenges . . . the differences in the *manner* and *conditions* of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish [facilities with pre-release conditions] from other BOP penal facilities." It is therefore cognizable under *§ 2241*. *Levine v. Apker*, 455 F.3d 71, 78 (2nd Cir. 2006)(emphasis and ellipsis in original). Further, even if the Court did not have authority to order the BOP to provide the particular conditions requested, that does not mean the court has *no* authority to order the BOP to provide alternative conditions which are "practicable." Even if particular relief is unavailable, "it does not follow that [a petitioner] is precluded from obtaining any relief whatsoever. The habeas statute directs that the court is to 'dispose of the matter as law and justice require.' *28 U.S.C. § 2243*. Therefore, federal courts 'may fashion appropriate relief other than immediate release.'" *Cameron v. LeFevre*, 887 F.Supp.2d 425, 434 (E.D.N.Y. 1995)(quoting *Simmons v. Reynolds*, 898 F.2d 865, 869 (2nd Cir. 1990), citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

## **Conclusion**

For the foregoing reasons, this Court should GRANT the petition.

                                                    Respectfully submitted,

Date: 2/25/2015

                                                    JEREMY ZIELINSKI  
                                                    Petitioner, Pro Se  
                                                    P.O. Box 308  
                                                    Watervliet, NY 12189  
                                                    (518) 410-0311  
                                                    jdzielny@gmail.com