UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JEREMY ZIELINSKI,                                :

       Petitioner,    :

   -against-                         :  **REPORT AND RECOMMENDATION**

CATHERINE C. LINAWEAVER, Warden, :  14-CV-3798 (VSB)(KNF)
Metropolitan Correctional Center, and
CHARLES E. SAMUELS, Director,      :
Federal Bureau of Prisons,

           :
       Respondents
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE VERNON S. BRODERICK, UNITED STATES DISTRICT JUDGE

## PROCEDURAL BACKGROUND

  Jeremy Zielinski ("Zielinski"), Michael Materasso, Michael Nagell, Jabaree Perry and David Babenzien, inmates at the Metropolitan Correctional Center in New York, New York ("MCC"), proceeding pro se, made a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and mandamus, pursuant to 28 U.S.C. § 1361, seeking "[i]njunctive, declaratory, and further appropriate relief [as] authorized by 28 U.S.C. §§ 1651, 2201, and 2202." At the same time, they filed "Petitioners' Memorandum of Law In Support of Motion for Preliminary Injunction," and Zielinski filed his "Declaration in Support of Motion for Preliminary Injunction." Thereafter, Zielinski made an application for an order to show cause "why the respondents should not be ordered to provide [him] with pre-release conditions of confinement immediately." By an order, dated July 3, 2014, the petitions of Michael Materasso, Michael Nagell, Jabaree Perry and David Babenzien were severed from Zielinski's petition, and Zielinski

was directed to pay the filing fee or submit an in forma pauperis application, which he did. By an order, dated August 29, 2014, the respondents were directed to file an answer or other pleadings in response to the petition filed pursuant to 28 U.S.C. § 2241, and Zielinski was permitted 30 days from the respondents' answer to file his reply. Thereafter, an assistant United States attorney, Louis A. Pellegrino filed the: (a) "Respondents' Return and Memorandum of Law In Opposition to Writ of Habeas Corpus"; and (b) "Declaration of Stephanie Scannell," a staff attorney employed by the Federal Bureau of Prisons ("BOP"), accompanied by the following relevant exhibits: (1) Exhibit A, "the current BOP Program Statement 7310.04: Community Corrections Center (CCC) Utilization and Transfer Procedure"; (2) Exhibit R, a "Memorandum for Warden Catherine L. Linaweaver, dated May 13, 2014"; (3) Exhibit X, "copies of the Petitioner Zielinski's Judgment in a Criminal Case, 04-CR-786-10, dated June 29, 2006"; (4) Exhibit Y, "copies of BOP's Inmate Admission-Release History of Jeremy Zielinski, Register No. 25835-018"; (5) Exhibit Z, "copies of Petitioner Zielinski's Judgment in a Criminal Case, 04-CR-786-10, dated June 29, 2006"; (6) Exhibit AA, "copies of Petitioner Zielinski's Judgment in a Criminal Case, 111-CR-00533-001, dated June 21, 2006"; (7) Exhibit BB, "copies of the BOP's Institutional referral for CCC Placement Form for Jeremy Zielinski"; (8) Exhibit CC, "copies of a BOP Incident Report and Supporting Documentation for Jeremy Zielinski"; and (9) Exhibit DD, "copies of an Email from Kathleen A. Gingell to Karlton Byrd, dated May 6, 2014." Zielinski filed his reply.

## PETITION

Zielinski "seeks to remedy a systemic failure by MCC staff to timely review inmates for placement in community correctional facilities ('CCF's') and process associated paperwork, and a failure by the Director of the Bureau of Prisons to establish objective, reliable regulations and

guidelines for staff to utilize when determining the duration of CCF recommendations and placements." Zielinski contends that, as a result of these failures he has been and continues to be deprived of consideration for the full period of CCF placement time for which he is eligible under 18 U.S.C. § 3624(c)(1), and "determinations of the duration of CCF placements are arbitrary and vary widely between similarly-situated inmates." Moreover, Zielinski seeks a remedy for "a systemic failure by the [BOP] Director to ensure that when the Bureau makes a legitimate, discretionary determination to not transfer an inmate to a CCF, it nevertheless affords such prisoner 'conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community' for 'a portion of the final months' of his or her sentence, wherever it elects to confine him or her, as required by § 3624(c)." According to Zielinski, no objective criteria exist "to guide or cabin Unit Team discretion in determining how much CCF time to recommend." As a result of the unfettered discretion, "CCF placement duration recommendations vary widely between similarly-situated inmates, both between institutions and within single institutions, for no discernable reason." Moreover, MCC staff's systemic failure to process timely CCF referrals deprives inmates of pre-CCF transfers to minimum security locations to which they are entitled pursuant to the "BOP Program Statement 7310.04 (December 16, 1998)." Zielinski asserts that "CCF referral failures are further exacerbated by the fact that the BOP has not developed any procedures to determine how long an inmate should spend in 'pre-release custody' apart from the determination of how long to place them [sic] in a CCF; nor has it developed procedures to comply with 18 U.S.C. § 3624(c)(1)'s plain command to provide pre-release conditions regardless of an inmate's pre-release location." Zielinski contends that the "CCF or nothing" approach used by MCC staff is particularly problematic because he and other inmates serving the final months of their sentences "have no

3

opportunity or means to strengthen family and community ties, seek and secure employment, accrue release funds, secure a residence, or do any of the myriad other things necessary to a successful reentry." Zielinski seeks an order directing the respondents to: (a) evaluate him for CCF placement and, if warranted, refer him for it; (b) investigate and prepare a report on the current state of MCC's CCF referral duties, "including the number of inmates currently within the 'final months' of their sentence who have not been evaluated or referred to CCF placement, and the number of inmates who have been evaluated or referred late within the past three years"; (c) begin providing practicable alternative pre-release conditions at MCC for inmates who have not been evaluated timely or referred to CCF placement or are otherwise not likely to be transferred to a CCF before the expiration of their sentences; and (d) establish policies and procedures for determining how long an inmate should spend in pre-release custody conditions separate and apart from determining how long he or she should be placed in a CCF.

## RETURN

*Facts Set Forth in the Return*

On June 28, 2006, Zielinski was sentenced in the United States District Court for the District of New Jersey to 21 months imprisonment followed by a two-year term of supervised release based on his plea of guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1028(a)(7). On July 18, 2006, Zielinski was released, based on good conduct time, and began his term of supervised release. On February 2, 2012, Zielinski admitted violating a term of his supervised release and was sentenced in the United States District Court for the Northern District of New York to a two-year term of supervised release. On June 21, 2013, Zielinski was found in violation of a term of his supervised release and was sentenced in the United States District Court for the Northern District of New York to 14 months imprisonment

with no term of supervised release to follow. Zielinski arrived at MCC on July 25, 2013. On January 12, 2014, MCC Warden Catherine Linaweaver recommended Zielinski for a residential re-entry center ("RRC") placement of 60-90 days, based on the Unit Team's opinion that Zielinski had a low risk of recidivism and needed time to secure a residence and employment and to strengthen family ties. On April 19, 2014, Zielinski received an incident report for possessing an unauthorized item, based on which he was found to have committed the prohibited act and sanctioned via a 30-day loss of commissary privileges. In a communication, dated May 6, 2014, Kathleen A. Gingell informed Karlton Byrd that Zielinski: (i) was denied RRC placement at the only three RRC locations in New York because no bed space existed; and (ii) did not appear to be a suitable candidate for home confinement based on his recent supervised release violation behavior, public safety factor of sex offender and history of bail jumping. On June 16, 2014, Zielinski was released from MCC.

*Respondents' Contentions*

The respondents contend that the petition should be dismissed because Zielinski failed to exhaust administrative remedies and he is not challenging a categorical interpretation of a BOP policy such that exhaustion would be futile. According to the respondents, the BOP director is not a proper respondent to this petition. The respondents maintain that Zielinski's petition is "moot because he has been released from custody and is not subject to a term of supervised release"; thus, he is not in custody for the purpose of a habeas corpus petition and no collateral consequence or actual injury exists. The respondents contend that Zielinski has no right to an RRC placement, and the court has no authority to review BOP's RRC placement decisions. The respondents assert that the remaining class-type claims and claims for injunctive relief are beyond the scope of a habeas corpus petition. Moreover, a writ of mandamus would not be

5

appropriate because "a clear non-discretionary duty on the part of the public official must be established before a writ of mandamus will issue" and "decisions concerning the placement of inmates in an RRC, and the policies related thereto, are committed to the sound discretion of BOP officials."

## REPLY

Zielinski contends that in a 28 U.S.C. § 2241 petition, exhaustion is prudential, not required. He asserts that the administrative process, which takes six to nine months, provides no opportunity for adequate relief. According to Zielinski, the respondents did not refuse to process paperwork, but stated that "there was not enough time" to do so as well as that bed space was not available for him; thus, any administrative process would be futile. Zielinski asserts that, contrary to the respondents' contention, he challenges the categorical interpretation of 18 U.S.C. § 3624(c) and "the complete failure to establish any possibility of pre-release conditions other than transfer to an RRC." Zielinski concedes that the BOP director is not the proper respondent. He asserts that he filed the petition when he was in custody, and his petition is not moot because "[t]here is good reason to believe that the respondents 'voluntarily ceased the allegedly unlawful conduct for the purpose of avoiding judicial review' because it was only after this petition was filed that MCC reviewed the petitioners' cases despite months of inaction." Zielinski contends that, since the petition "seeks systemic relief," in a form of class-action, "it would be inappropriate to dismiss the petition simply because a claim with respect to any particular inmate (or former inmate) is moot," and "the Court should permit the substitution of an appropriate class representative." According to Zielinski, the respondents' argument that inmates have no right to a CCF placement misses the point that the "CCF or nothing" approach is challenged in this petition. Zielinski maintains that the requested relief for systemic injunctive relief is

appropriate in a habeas corpus proceeding because the petition challenges "continued confinement in a facility which has no pre-release conditions, but [does] not seek a compulsory transfer to a CCF." Moreover, even if the court does not have authority to order the BOP to provide the particular conditions requested, it has authority to order the BOP to provide alternative conditions which are practicable or any other relief it deems appropriate.

## LEGAL STANDARD

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A jurisdictional prerequisite for the granting of a writ of habeas corpus under 28 U.S.C. § 2241 is that the petitioner be 'in custody.'" Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003). "The allegations of a return to the writ of habeas corpus . . . , if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248. "A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241. Execution of a sentence includes matters such as 'the administration of parole [and] computation of a prisoner's sentence by prison officials, prison disciplinary actions, *prison transfers*, type of detention and prison conditions." Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (citations omitted).

## DETERMINATION OF THE FACTS

Pursuant to 28 U.S.C. § 2248, and to the extent they are supported by the evidence in the record, the Court accepts as true the relevant facts as set forth in the return, as they are not disputed by Zielinski. Given that no pertinent facts relevant to this petition are disputed, and the petition and the return present only issues of law, no need exists for the respondents to produce Zielinski for the hearing, see 28 U.S.C. § 2243, or for a hearing to be held.

7

## APPLICATION OF LEGAL STANDARD

*Claims Against Charles E. Samuels, Director of the Federal Bureau of Prisons*

Zielinski concedes that Charles E. Samuels, director of the Federal Bureau of Prisons, is not the proper respondent in the instant habeas corpus petition. Accordingly, dismissing the claims against Charles E. Samuels is warranted.

*Mootness*

> Article III, § 2, of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which restricts the authority of federal courts to resolving "'the legal rights of litigants in actual controversies.'" In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "'personal stake,'" in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolution of which have direct consequences on the parties involved. A corollary of this case-or-controversy requirement is that "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.
>
> Genesis Healthcare Corp. v. Symczyk, __ U.S. __, 133 S. Ct. 1523, 1528 (2013) (internal citations omitted).
>
> Mootness also contains four major exceptions: (1) wrongs that have collateral consequences, *see Sibron v. New York*, 392 U.S. 40, 53, 88 S. Ct. 1889, 1897-98, 20 L.Ed.2d 917 (1968); (2) wrongs that are capable of repetition yet evading review, *see Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L.Ed.2d 147 (1973); (3) wrongs that are voluntarily ceased but could resume, *see United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S. Ct. 894, 97 L.Ed. 1303 (1953); and (4) wrongs to a class that continue though those to the named plaintiffs do not, *see Sosna v. Iowa*, 419 U.S. 393, 95 S. Ct. 553, 42 L.Ed.2d 532 (1975).
>
> Artway v. Attorney Gen. of N.J., 81 F.3d 1235, 1246 n.6 (3d Cir. 1996).

In the circumstance of an incarcerated person, the case-or-controversy requirement is satisfied because incarceration "constitutes a concrete injury," but "[o]nce the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration

8

. . . —some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998). "[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron, 392 U.S. at 57, 88 S. Ct. at 1900.

> The capable-of-repetition doctrine applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.
>
> Kemna, 523 U.S. at 17, 118 S. Ct. at 988 (citations, quotation marks and brackets omitted).
>
> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. . . . A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.
>
> Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 708 (2000) (citations, quotation marks and brackets omitted).

In a class action context, "[t]here must . . . be a named plaintiff who has . . . a case or controversy at the time the complaint is filed, and at the time the class action is certified." Sosna, 419 U.S. at 402, 95 S. Ct. at 559.

Zielinski does not argue that: (a) the conduct he challenges is capable of repetition yet evading review and a reasonable expectation exists that he will be subject to the same conduct again; or (b) collateral legal consequences exist or will be imposed on the basis of the challenged conviction. Zielinski contends his petition is not moot because "[t]here is good reason to believe that the respondents 'voluntarily ceased the allegedly unlawful conduct for the purpose of avoiding judicial review' because it was only after this petition was filed that MCC reviewed the

9

petitioners' cases despite months of inaction." However, the respondents do not assert voluntary cessation of a challenged practice as the ground for their mootness argument. Rather, they contend that the petition is "moot because he has been released from custody and is not subject to a term of supervised release," and "no collateral consequence or actual injury exists." Zielinski does not dispute that he has been released from custody and is not subject to a term of supervised release, and he does not argue that, based on the underlying conviction, a collateral consequence or actual injury exists at this time or will attend him in the future.

While Zielinski was in custody at the time he filed his petition, which conferred habeas corpus jurisdiction on the court, the fact that he is no longer in custody and claims no collateral consequence resulting from his conviction demonstrate that no actual controversy exists that would entitle Zielinski to relief, and Zielinski has been deprived of a personal stake in the outcome of this action. Zielinski appears to concede that he no longer has a stake in this action when he contends that "it would be inappropriate to dismiss the petition simply because a claim with respect to any particular inmate (or former inmate) is moot," but asserts that "the Court should permit the substitution of an appropriate class representative." However, when the assigned district judge severed the petitions of Michael Materasso, Michael Nagell, Jabaree Perry and David Babenzien from the instant petition, on July 3, 2014, she determined that "there are no compelling circumstances that would justify permitting these *pro se* petitioners to file a joint petition," rejecting any request that a class action mechanism be used in the habeas corpus context. Thus, the class action exception to mootness does not apply here. Accordingly, the instant petition is moot.

## RECOMMENDATION

For the foregoing reasons, I recommend that the petition be dismissed as moot.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Vernon S. Broderick, 40 Centre Street, Room 415, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Broderick. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
       July 13, 2015

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Jeremy Zielinski