```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JEREMY ZIELINSKI,                                           :
                                                            :
                              Petitioner,                   :
                                                            :
              - against -                                   :    14-CV-3798 (VSB)
                                                            :
CATHERINE C. LINAWEAVER, Warden,                            :         <u>**ORDER**</u>
Metropolitan Correctional Center, and                       :
CHARLES E. SAMUELS, Director, Federal                       :
Bureau of Prisons,                                          :
                                                            :
                              Respondents.                  :
                                                            :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Pro se Petitioner Jeremy Zielinski ("Zielinski") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 19, 2014, while incarcerated at the Metropolitan Correctional Center in Manhattan ("MCC").[1] (Doc. 1.) Before me is the Report and Recommendation of United States Magistrate Judge Kevin Nathaniel Fox, issued on July 13, 2015, (the "Report and Recommendation" or "R&R," Doc. 21). No objections, timely or otherwise, have been filed.[2] Because I agree with Magistrate Judge Fox's determination that the

---

[1] Zielinski was in custody at the time his petition was filed. A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. *See Hodge v. Greiner*, 269 F.3d 104, 106 (2d Cir. 2001). Therefore, I treat the signature date on documents filed by Petitioner as the presumptive filing date of those documents.

[2] Judge Fox issued the R&R on July 13, 2015. (Doc. 21.) On August 30, Judge Fox informed me that the R&R had been returned by the United States Postal Service. (*See* Doc. 22.) Having determined the Petitioner's new address, on September 11, I issued an order directing the Clerk to mail a copy of the R&R to Petitioner. (*Id.*) Petitioner received my September 11 Order, but due to an administrative error was not mailed the R&R. (*See* Docket Entry of Sept. 11, 2015.) On October 1, I received Petitioner's letter stating that he had not received the R&R and requesting that a copy of the R&R be sent to his current address. (Doc. 23.) Accordingly, on October 5, I issued an order directing the Clerk to mail a copy of the R&R to Petitioner's address and granting Petitioner's request for 30 days to file any objections. (Doc. 24.) The Clerk mailed my Order and the R&R to Petitioner on October 5, 2015. (*See* Docket Entry of Oct. 5, 2015.)

petition is moot, I adopt the Report and Recommendation in its entirety. Accordingly, Zielinski's petition is DISMISSED.

## I.   Background

Zielinski's petition was filed together with petitions from four other individuals who also were incarcerated at the MCC. (*See* Doc. 1.) At the same time that he filed his petition, Zielinski filed a memorandum and declaration in support of a motion for preliminary injunction, (Docs. 3, 4), as well as an order to show cause "why the respondents should not be ordered to provide [him] with pre-release conditions of confinement immediately," (Doc. 5). On July 3, 2014, Judge Loretta A. Preska, to whom this case was originally assigned, severed the petitions from the other individuals from Zielinski's petition. (Doc. 6.)

Zielinski was released from the MCC on June 16, 2014. (*See* Scannell Decl. Ex. Y.)[3] This case was reassigned to me on August 22, 2014, (Docket Entry of Aug. 22, 2014), and on August 29, I directed Respondents to file a response to Zielinski's habeas petition and granted Zielinski 30 days from the date Respondents submitted their response to file his reply, (Doc. 9). On November 24, 2014, Respondents filed their Return and Memorandum of Law in Opposition to Writ of Habeas Corpus and a declaration with exhibits. (Docs. 13-15.) Zielinski thereafter filed his reply, dated February 25, 2015. (Doc. 20.)

## II.   Discussion

For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Magistrate Judge Fox's Report and Recommendation.

In reviewing a magistrate judge's report and recommendation, a district court "may

---

[3] "Scannell Decl." refers to the Declaration of Stephanie Scannell, (Doc. 13), submitted with the Respondents' Return and Memorandum of Law in Opposition to Writ of Habeas Corpus, (Doc. 14).

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report, *id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation for clear error.  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Petitioner has not submitted objections to the R&R; therefore, I apply the clear error standard.  *DiPilato*, 662 F. Supp. 2d at 339; *Lewis*, 573 F. Supp. 2d at 811; *Wilds*, 262 F. Supp. 2d at 169.  Having carefully reviewed the thorough and well-reasoned Report and Recommendation, I find no facial error in Magistrate Judge Fox's conclusions.[4]

### III.  Conclusion

Having reviewed the Report and Recommendation for clear error and found none, I hereby ADOPT the Report and Recommendation in its entirety.  Zielinski's petition for a writ of habeas corpus is DENIED, and the petition is DISMISSED.  The Clerk is directed to close the case.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue.  28 U.S.C. § 2253; *Tankleff v. Senkowski,* 135 F.3d 235,

---

[4] While Zielinski has not filed a change of address form with the Court, it appears that subsequent to being released from the MCC, he has been incarcerated at the Albany County Correctional Facility.  (*See* Doc. 23.)  Nothing in the record suggests that Zielinski's subsequent incarceration is a collateral consequence of or otherwise bears any relation to the incarceration that is at issue in Zielinski's petition.

241 (2d. Cir. 1998); *United States v. Perez,* 129 F.3d 255, 259-60 (2d Cir. 1997).  Moreover, because Petitioner has not filed any objections to the R&R, Petitioner has waived his right to appeal.  (*See* R&R at 11.)  *See also Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk's Office is directed to mail a copy of this Order to the pro se Petitioner at his last known address:  Albany County Correctional Facility, Offender ID 46319, 840 Albany Shaker Road, Albany, New York 12211.

SO ORDERED.

Dated: December 21, 2015
    New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge